

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

PRIORITY SEND

CIVIL MINUTES -- GENERAL

Case No.   **CV 07-5078-JFW (PLAx)**                                    Date: August 22, 2007

Title:   Dennis Montgomery, et al. -v- Michael J. Flynn

---

**PRESENT:**

HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

**ATTORNEYS PRESENT FOR PLAINTIFFS:**          **ATTORNEYS PRESENT FOR DEFENDANTS:**
None                                                                                   None

**PROCEEDINGS (IN CHAMBERS):**   ORDER REMANDING ACTION TO LOS ANGELES COUNTY SUPERIOR COURT FOR LACK OF SUBJECT MATTER JURISDICTION

ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND/OR TRANSFER THIS CASE TO U.S. DISTRICT COURT, NEVADA AS MOOT [filed 8/8/07]

On August 3, 2007, Plaintiffs Dennis Montgomery, Brenda Montgomery, and the Montgomery Family Trust (collectively "Plaintiffs") filed a Complaint against Defendant Michael J. Flynn ("Defendant") in Los Angeles County Superior Court alleging a single claim for injunctive relief. On August 6, 2007, Defendant filed a Notice of Removal of Action Under 28 U.S.C. § 1441(b) based on diversity of citizenship pursuant to 28 U.S.C. § 1332 ("Notice of Removal").

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986). "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted). There is a strong presumption that the Court is without jurisdiction unless the contrary affirmatively appears. *See Fifty Associates v. Prudential Insurance Company of America*, 446 F.2d 1187, 1190 (9th Cir. 1990). As the party invoking federal jurisdiction, Defendant bears the burden of demonstrating that removal is proper. *See, e.g., Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(d).

Federal jurisdiction founded on 28 U.S.C. § 1332 requires that the parties be in complete diversity and the amount in controversy exceed $75,000. *See* 28 U.S.C. § 1332. When a plaintiff files a case in state court, "[t]here is a strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court or that the parties have colluded to that end." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 290 (1938). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper. Normally, this burden is satisfied if the plaintiff claims a sum greater than the jurisdictional requirement." *Gaus*, 980 at 566. However, "[w]here the complaint does not demand a dollar amount, the removing defendant bears the burden of proving by a preponderance of evidence that the amount in controversy exceeds [$75,000]." *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997). "Conclusory allegations as to the amount in controversy are insufficient." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090-91 (9th Cir. 2003).

In their Complaint, the only relief sought by Plaintiffs is: (1) "an order enjoining [D]efendant from further violations of California Rule of Professional Conduct 3-700(D)(1), or, in the alternative, for an order requiring [D]efendant, and his agents, servants, and employees, and all other persons acting under, in concert with, or for him to return all papers, files and property belonging to the [P]laintiffs to them"; and (2) "an order enjoining [D]efendant from disclosing any confidential and privileged attorney-client communications to any third party, including confidential information relating to the representation of the [P]laintiffs." Complaint at 4. In his Notice of Removal, Defendant states that the injunctive relief sought by Plaintiffs "would cause damages to [Defendant] in an amount over $608,000.00, the amount of his unpaid fees and costs covering a period for the past six months" because Defendant has a "retaining lien" over the files at issue "under Nevada law." Notice of Removal at ¶ 4.

Defendant's alleged "retaining lien" over the papers, files, and property at issue in this action does not establish that the amount in controversy exceeds $75,000. "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977). Defendant has failed to provide the Court with any evidence of the value of the "papers, files and property" at issue, instead arguing that those papers and files have a value to him of $608,000 as a result of the alleged "retaining lien." However, if the Court were to grant Plaintiffs the relief sought in their Complaint, Defendant would not "lose" $608,000 - to the extent Plaintiffs owe Defendant $608,000 in unpaid legal fees, Defendant would retain his right to sue Plaintiffs for those unpaid fees regardless of whether he had possession of Plaintiffs' "papers, files and property." In the absence of any evidence regarding the value of the object of the litigation, the Court finds that Defendant has failed to meet his burden of proving by a preponderance of evidence that the amount in controversy exceeds $75,000.

Accordingly, this action is hereby **REMANDED** to Los Angeles County Superior Court for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). In light of the foregoing, Defendant's Motion to Dismiss and/or Transfer this Case to U.S. District Court, Nevada, currently on calendar for September 17, 2007, is **DENIED as moot**

IT IS SO ORDERED.
The Clerk shall serve a copy of this Minute Order on all parties to this action.